**AMALGAMATED LABOR LIFE INSUR-
ANCE COMPANY, Appellant,**

**v.**

**Jim ROWE, Administrator of the Estate of
William C. Rowe, Deceased, Appellee.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellant.

V. R. Bentley, Pikeville, for appellee.

MILLIKEN, Judge.

This action was instituted in Pike Circuit Court by the appellee, Jim Rowe, administrator of the estate of William C. Rowe, against the appellant, Amalgamated Labor Life Insurance Company, to recover $8,-500.00 alleged to be due the appellee on a life insurance policy issued by the appellant on the life of the deceased, William C. Rowe. The trial court ruled that the company should pay the sum of $8,500.00 to the administrator-appellee. It is from this judgment that the Insurance Company has appealed to this court.

The deceased, William C. Rowe, a 23 year old man, was employed at a coal mine by an intervening complainant, Amos Bartley. In lieu of Workmen's Compensation Insurance, Bartley contracted with the appellant, Insurance Company, for an accident insurance policy on the life of his employee, William C. Rowe, and in the contract made himself the beneficiary. At the time of the insured's death, he was not employed by Bartley, and had not been so employed for three of four weeks. He was killed some five or six miles from the Bartley mine by a cause foreign to the Bartley Mining operation. This appeal is

a contest between the plaintiff, Jim Rowe, administrator, and the Amalgamated Life Insurance Company, which asserts that the whole insurance contract was void because Bartley, the insured's employer at the time of the execution of the contract of insurance, allegedly had no insurable interest in the life or body of William C. Rowe. Bartley, the employer, abandoned his claim to the benefits of the policy.

It is conceded by both parties, the administrator and the insurance company, that it is declared in this state by statute that one who has no insurable interest in the life of another cannot be the beneficiary of a policy issued on the life of such other person and that such an insurance contract is void from its inception. KRS 304.650 (1). The question which must be decided is whether the employer had an insurable interest, a question we will discuss hereafter.

Section 9, Part X of the policy declares: "Indemnity for loss of life will be payable in accordance with the beneficiary designation and the provisions respecting such payment which may be prescribed herein and effective at the time of payment. If no such designation or provision is then effective, such indemnity shall be payable to the estate of the insured * * *".

■ The trial court found that the employer had taken out the policy in lieu of workmen's compensation which law prescribes that an employer who does not operate under the Act will be denied the defenses of (1) the contributory negligence of the employee, (2) that the injury was caused by the negligence of a fellow servant of the injured employee, and (3) that the employee had assumed the risk of the injury. KRS 342.410. Thus, the employer, here, who was not operating under the Workmen's Compensation Act, ran a con-

siderable risk of being financially responsible to the employee if he were injured during the employment. In other words, this employer ran a risk of financial loss and it was this risk which he was attempting to insure against, and which accounts for the fact that he made himself the beneficiary of the policy. We think this circumstance, this added risk of loss, as compared to employers protected by the Workmen's Compensation Act, is enough to afford the employer here an insurable interest in his employee, 29 Am.Jur. Insurance, Section 488, where somewhat similar, peculiar interests in employees and officers are recognized as insurable interests. After all, workmen's compensation protection is usually a matter of insurance for the smaller employers.

■ We conclude, therefore, that this policy was issued when the employer had an insurable interest in the insured, and that is the time when the validity of the policy in this respect is determined, "the cessation of the interest prior to the death of the insured, in the absence of a provision in the contract or a statute to the contrary" being held immaterial. 29 Am.Jur. Insurance, Section 475.

■ We construe Section 9, Part X, of the policy as covering the very situation which arose here—where the insured had ceased to be an employee, yet the policy was no violation of the statute, KRS 304.650(1), because we find that the employer had an insurable interest at the time the policy was issued and the benefits thereunder were payable to the estate of the deceased by Section 9, Part X, of the policy. We do not pass on whether the employer would have been entitled to the benefits of the policy, because that question is not before us.

The judgment is affirmed.

All concur.